UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


HUDES RICKY FREDRICK,

      Petitioner,

-vs-                                       Case No.  6:11-cv-2042-Orl-36DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/


## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10).  Petitioner filed a reply to the response (Doc. No. 14).

### I.    *Procedural History*

      Petitioner was charged by information with two counts of attempted first degree murder with a firearm (counts one and two), two counts of armed robbery with a

firearm (counts three and four), two counts of aggravated battery with a firearm (counts five and six), and two counts of aggravated assault with a firearm (counts seven and eight).   A jury trial was held, and Petitioner was found not guilty as to count two and guilty as to the remaining counts.   The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of fifty-five years, with a total minimum mandatory sentence of forty-five years.   Petitioner filed a direct appeal, and the Florida Fifth District Court of Appeal affirmed *per curiam* on June 5, 2007. Mandate was issued on June 22, 2007.

On June 19, 2009, Petitioner, through counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied on February 3, 2011.   Petitioner appealed the denial, and, on July 5, 2011, the state appellate court affirmed the denial *per curiam*.   Mandate was issued on July 27, 2011.   The instant federal habeas petition was filed on December 20, 2011.[1]

## II.   *Petitioner's Habeas Petition is Untimely*

## A.   *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

---

[1]This is the date under the mailbox rule.  *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.**    *Discussion of Petitioner's Case*

In the present case, Petitioner's conviction became final under Florida law on June 22, 2007, when the state appellate court issued mandate with regard to his direct appeal.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal.").  However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court.  *Bond v.*

*Moore*, 309 F.3d 770 (11th Cir. 2002).   Thus, Petitioner's conviction, for purposes of §

2244(d)(1)(A), became final, at the latest, on September 4, 2007,[2] which was ninety days

after entry of the appellate court's order affirming *per curiam.   See* Sup. Ct. R. 13(3).[3]

Petitioner then had until September 4, 2008, absent any tolling, to file a federal habeas

petition regarding his convictions.

The Court notes that Petitioner's Rule 3.850 motion was filed after the one-year

period had expired, and, therefore, did not toll the one year period of limitation.   *See*

*Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is

filed following the expiration of the limitations period cannot toll that period because

there is no period remaining to be tolled.").

Petitioner acknowledges that his petition is untimely, but he argues that he is

entitled to equitable tolling.   *See* Doc. No. 1 at 10.   He claims that, in November 2007, he

hired attorney Paula Coffman to represent him in the filing of his Rule 3.850 motion.   *Id.*

Ms. Coffman filed his Rule 3.850 motion on June 19, 2009, and those proceedings

---

[2]The actual date was Monday, September 3, 2007, which was a federal holiday.

[3]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of
entry of the judgment or order sought to be reviewed, and not from the
issuance date of the mandate (or its equivalent under local practice). But if
a petition for rehearing is timely filed in the lower court by any party, the
time to file the petition for a writ of certiorari for all parties (whether or
not they requested rehearing or joined in the petition for rehearing) runs
from the date of the denial of the petition for rehearing or, if the petition
for rehearing is granted, the subsequent entry of judgment.

4

became final on July 27, 2011.  *Id.*  Petitioner requested that Ms. Coffman provide him with his appellate record, and those materials were forwarded to him on November 23, 2011.  According to Petitioner, Ms. Coffman had his "file for over four years," and she ultimately failed to timely file his Rule 3.850 motion.  *Id.* at 12.  Thus, Petitioner asserts that "[n]ot only did she fail to file the state application within the limitation period necessary to preserve AEDPA Petitioner's time [sic] but also failed to return Petitioner's legal file to him or timely apprise him of the denial of his 3.850 appeal."  *Id.*

The Supreme Court recognizes that the one-year period of limitation is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only when it is demonstrated that 1) the petitioner "has been pursuing his rights diligently," and 2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotations and citations omitted).  The Court rejects Petitioner's argument that he is entitled to equitable tolling.

Although Petitioner may not have been in possession of his state appellate record for the period of time he alleges, he has failed to set forth any "extraordinary circumstances" which prevented the filing of a timely habeas petition.  *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript no basis for equitable tolling of one-year limitation period); *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (a petitioner does not need a transcript to proceed with filing a habeas corpus petition).

5

Thus, equitable tolling does not excuse Petitioner's late filing simply because he was unable to obtain his state appellate record before he filed his section 2254 petition.

Petitioner also appears to argue that he is entitled to equitable tolling because Ms. Coffman did not file the Rule 3.850 motion prior to September 4, 2008. Petitioner does not claim any misadvice, affirmative misrepresentations or abandonment by Ms. Coffman. Petitioner states that Ms. Coffman was hired to file a Rule 3.850 motion; he does not state that she was hired to file a federal habeas petition. Indeed, the record demonstrates that Ms. Coffman was hired for the purpose of filing a Rule 3.850 motion, and she timely filed the Rule 3.850 motion and a notice of appeal after the motion was denied. It is not alleged or shown that Petitioner ever discussed the possibility of filing a future section 2254 petition with Ms. Coffman.[4]

Any of Petitioner's allegations that attempt to excuse the failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Hudes Ricky Fredrick is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

---

[4]Even assuming that counsel knew or should have known that state remedies had to be pursued within one year to preserve the time for a future section 2254 petition, this does not establish extraordinary circumstances beyond Petitioner's control that were unavoidable even with due diligence. *See Wallace v. McNeil*, No. 4:08cv365-SPM/WCS, 2008 WL 5101522 (N.D. Fla. November. 26, 2008).

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 25th day of January, 2013.

Charlene Edwards Honeywell
United States District Judge

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 1/25
Counsel of Record
Hudes Ricky Fredrick